UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

VICTOR B. PERKINS,                               Case No. 20-cv-01361 (SRN/LIB)

      Petitioner,

v.                                               **ORDER**

Mr. KALLIS, WARDEN

      Respondent.

This matter is before the Court on Victor B. Perkins' pro se motion seeking compassionate release from FMC-Rochester (("Motion for Release") [Doc. No. 4]). In his motion, Mr. Perkins seeks release to home confinement and argues that he is eligible for release pursuant to the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"). (*Id*. at 1-3.)

Under the CARES Act, however, the Bureau of Prisons ("BOP") has exclusive authority to determine the eligibility of inmates for home confinement. *United States v. James*, No. 15-cr-255 (SRN), 2020 WL 1922568, at *2 (D. Minn. Apr. 21, 2020) (noting that the CARES Act "merely give[s] eligible inmates the possibility to be considered for home confinement" by the BOP); *United States v. Walker*, No. 16-cr-33(1) (DWF/LIB), 2020 WL 2490101, at *2 (D. Minn. May 14, 2020) (finding that the court "lacks authority" to consider request for release to home confinement pursuant to the CARES Act). Accordingly, to the extent Mr. Perkins seeks release to home confinement under the

1

CARES Act, the Court denies Mr. Perkins' motion because it lacks the authority to consider his request.  *Walker*, 2020 WL 2490101, at *3.

Furthermore, to the extent that Mr. Perkins' motion is construed as a request for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), the Court denies the motion. Under § 3582, compassionate release motions must be "addressed to the sentencing court." *United States v. Raia*, 954 F.3d 594, 596 (3d Cir. 2020) (finding that "Section 3582's text requires [compassionate release] motions to be addressed to the sentencing court"); *Arnold v. Warden, FCC Coleman-Low*, 2020 WL 2425731, at *1 (M.D. Fla. May 12, 2020) (citing *Himmel v. Upton*, 2019 WL 1112923, at *2 n. 6 (N.D. Tex. Mar. 11, 2019)) (further citations omitted) (dismissing petition without prejudice and noting that "[i]f petitioner now seeks to file his own motion for compassionate release, such a motion must be filed in the sentencing court.").  Because the present motion was not filed in the sentencing court, the Court denies the motion without prejudice.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Pro Se Motion for Release [Doc. No. 4] is **DENIED** without prejudice.

Dated:   July 4, 2020                                   s/Susan Richard Nelson
                                                                      SUSAN RICHARD NELSON
                                                                      United States District Judge